# EXHIBIT A

*HARRISON & CHRISTOS, ESQ.*
*1306 River Ave.*
*Lakewood, NJ  08701*
*732-367-7808*
Attorney for Plaintiff
#018481975

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: ATLANTIC COUNTY**

|  |  |
|---|---|
| **EDWARD SOLDYN and ROBIN SOLDYN,** | **DOCKET NO:** |
| Plaintiff, | |
| VS. | **Civil Action** |
| **OASISSPACE; GOLD KERNAL, LLC; AMAZON.COM, INC.; JOHN DOE(S) 1-10and/or XYZ CO(S)1-10** Defendants, | **C O M P L A I N T** |

Plaintiff EDWARD SOLDYN and ROBIN SOLDYN, residing at 459 Vine Ave., Township of Galloway, County of Atlantic and State of New Jersey, complaining of the defendants, alleges and says:

## FIRST COUNT

1. At all times hereinafter mentioned, defendants OASISSPACE; GOLD KERNAL, LLC; AMAZON.COM, INC.; JOHN DOE (S) 1-10 and/or XYZ CO (S) 1-10, same being fictitious as the correct names of said persons, partnerships, corporations and/or other business entities have not as yet been ascertained, jointly and/or severally, were companies and/or corporations doing business in the State of New Jersey.

-1-

2.   At all times hereinafter mentioned defendant OASISSPACE; GOLD KERNAL, LLC; AMAZON.COM, INC.; JOHN DOE(S) 1-10 and/or XYZ CO(S) 1-10, same being fictitious as the correct names of said persons, partnerships, corporations and/or other business entities have not as yet been ascertained, jointly and/or severally, owned, leased, maintained, repaired, manufactured, designed, distributed and/or were otherwise in a control of a certain rolling walker with a seat at Plaintiff's employer Caesars Entertainment at Caesars Atlantic City in the Wild West Sports Book, in the Township of Atlantic City, County of Atlantic and State of New Jersey.

3.   At all times hereinafter mentioned, the defendants aforesaid, jointly and/or severally, owned, leased, sold, maintained, repaired, manufactured, designed, distributed and/or were otherwise in control of said walker with a seat.

4.   On or about June 1, 2023, plaintiff EDWARD SOLDYN was injured when he sat in said rolling walker with a seat, it broke and he fell.

5.   At or about the same time, defendants aforesaid, jointly and/or severally, were negligent, careless and/or reckless in the ownership, leasing, sale, maintenance, repair, manufacture, design, distribution and/or control of said walker with a seat so as to cause Plaintiff to sustain injuries.

6.   As a direct and proximate result of the negligence of the defendants aforesaid, jointly and/or severally, plaintiff EDWARD SOLDYN was caused to sustain severe and permanent injuries to various parts of his body, including the nervous system. Plaintiff was, and will in the future be, caused

to sustain great pain and suffering, including mental anguish. As a result of his injuries, plaintiff has been, and will in the future be, compelled to expend great sums of money for medical aid and attention in an effort to cure himself.

**WHEREFORE,** plaintiff EDWARD SOLDYN hereby demands judgment against the defendants aforesaid, jointly and/or severally, for damages both compensatory and punitive, together with interest, costs of suit and counsel fees.

## COUNT TWO

1. Plaintiff EDWARD SOLDYN hereby repeats, reiterates and realleges each and every allegation contained in the First Count as if set forth at length herein and makes them a part hereof.

2. On or about June 1, 2023, the subject walker with a seat was defective and/or dangerous and as a direct and proximate result of said defect, or defects, defendants, jointly and/or severally, are strictly liable in tort.

3. At or about the same time, said walker with a seat was not reasonably fit, suitable or safe for its intended purpose because it: a) deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b) failed to contain adequate warning instructions, or c) was designed in a defective manner.

4. Plaintiff alleges that defendants, jointly and/or severally, have violated N.J.S.A. 2A:58C-1, et seq.

-3-

5.   As a direct and proximate result of the defective and dangerous walker with a seat and/or its lack of reasonable fitness, suitability or safety, plaintiff, EDWARD SOLDYN was caused to sustain severe and permanent injuries to various parts of his body, including the nervous system. Plaintiff EDWARD SOLDYN also sustained great pain and suffering, including mental anguish.  As a result of said injuries, plaintiff EDWARD SOLDYN has been, and will in the future be, compelled to expend great sums of money for medical care and attention in an effort to cure himself.

**WHEREFORE**, plaintiff EDWARD SOLDYN hereby demands judgment against the defendants aforesaid jointly and/or severally, for damages both compensatory and punitive, together with interest, costs of suit and counsel fees.

### COUNT THREE

1.   Plaintiff EDWARD SOLDYN repeats, reiterates and realleges each and every allegation contained in the First and Second Counts as if set forth at length herein and June 1, 2023, defendants aforesaid, jointly and/or severally, gave certain warranties, both express and implied, regarding the subject walker with a seat which injured plaintiff when he fell because the seat broke including implied warranties of merchantibility and fitness for a particular purpose.

3.   Defendants aforesaid, jointly and/or severally, did breach said warranties, both express and/or implied.

-4-

4. As a direct and proximate result of the breach of express and/or implied warranties by defendants aforesaid, jointly and/or severally, plaintiff EDWARD SOLDYN was caused to sustain severe and permanent injuries to various parts of his body, including the nervous system. Plaintiff EDWARD SOLDYN also sustained great pain and suffering, including mental anguish. As a result of said injuries plaintiff, EDWARD SOLDYN has been, and will in the future be, compelled to expend great sums of money for medical care and attention in an effort to cure himself.

**WHEREFORE**, plaintiff EDWARD SOLDYN hereby demands judgment against the defendants aforesaid, jointly and/or severally, for damages both compensatory and punitive together with interest, costs of suit and counsel fees.

## FOURTH COUNT

1. Plaintiff, ROBIN SOLDYN, hereby repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Counts as if set forth at length herein and makes them a part hereof.

2. Plaintiff, ROBIN SOLDYN, avers that she was, at the time of the aforementioned incident, and at the present time is, the wife of the plaintiff, EDWARD SOLDYN.

3. By reason of the aforesaid, plaintiff, ROBIN SOLDYN, has been, and will in the future be, deprived of the comfort, companionship, consortium and society of her husband, plaintiff, EDWARD SOLDYN.

-5-

**WHEREFORE**, plaintiff, ROBIN SOLDYN, demands judgment against the defendants aforesaid, jointly and/or severally, for compensatory damages together with interest, costs of suit and counsel fees

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to R.4:17-2, plaintiff(s) hereby demand defendant(s) to provide answers to Form C and C(1) *or* C(2), which ever may be applicable, Uniform Interrogatories within the time prescribed by the New Jersey Court Rules.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R.4:10-2(b) demand is hereby made of defendant(s) to disclose whether there are any insurance agreements or policies under which an insurance company or firm may be liable to satisfy any judgment which may be entered against the defendant(s) in this action.  If so, advise the undersigned under oath or certification (a) name and address of insurer(s), (b) policy number(s), (c) dates of coverage, (d) named insureds personal injury liability limits, and (e) claim number pertaining to this cause of action.

## JURY DEMAND

Plaintiff herein hereby demands a trial by jury as to all issues.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action in any court or of a pending arbitration proceeding except for a Workers Compensation claim in Toms River bearing Docket # 2006-1338 and, to the best of my knowledge, no other is contemplated at this time.

-6-

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Mark S. Harrison, Esq. is hereby designated as trial counsel.

_____
**MARK S. HARRISON, ESQ.**
**Attorney for Plaintiff**

-7-